**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ESMERALDA ESCOBAR on behalf of** § | | |
| **herself individually, AND ALL OTHERS** § | | |
| **SIMILARLY SITUATED,** § | | |
| Plaintiffs, § | | |
| § | **CIVIL ACTION** | |
| § | **FILE NO: 4:17-cv-1231** | |
| **v.** § | | |
| § | | |
| **SPRING CYPRESS FINO, INC., and** § | **JURY DEMANDED** | |
| **CROATIA GROUP, L.L.C.** § | | |
| Defendant. § | | |

---

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, PLAINTIFF ESMERALDA ESCOBAR, on behalf of herself individually and all others similarly situated, (hereinafter referred to as "Plaintiff") and complain of Defendants SPRING CYPRESS FINO, INC., and CROATIA GROUP, L.L.C.., (hereinafter collectively referred to as "Defendants") and for cause of action would show the Court as follows:

### I.   INTRODUCTION

1.  This is a collective action suit to recover minimum wage, unpaid overtime wages, and for retaliation brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.  This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure to pay overtime wages and compensation for hours worked, but not recorded or paid, pursuant to 29 U.S.C. § 216(b) and for failure to pay minimum wage for Plaintiff ESMERALDA ESCOBAR individually, and all others similarly situated, in the course of their employment with the Defendants.

3   ESMERALDA ESCOBAR, and all others similarly situated demand a jury trial on

all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## II. JURISDICTION AND VENUE

5. Plaintiff ESMERALDA ESCOBAR, on behalf of herself individually and the Plaintiff class, brings this action to recover minimum wage, unpaid overtime wages and compensation earned but not paid, by the Defendants, and retaliation, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III. PARTIES

8. Plaintiff **Esmeralda Escobar**, is a resident of Houston, Texas.

9. Members of the **"Plaintiff Class"** are current and former employees of Defendants who work, or have worked, at Defendants' pizza restaurants in Texas.

10. Defendant **Spring Cypress Fino, Inc.,** may be served with summons by serving its registered agent Edgardo Reyes located at 16206A Spring Cypress, Cypress, Texas 77429 or by serving any employee of Defendant at Defendant's pizza restaurant located at 16206 Spring Cypress Road, Cypress, Texas 77429.

11. Defendant **Croatia Group, L.L.C..,** may be served with summons by serving its registered agent Jose Gil located at 7107 Still Haven Drive, Richmond, Texas 77407 or by serving any employee of Defendant at Defendant's pizza restaurant located at 16206 Spring Cypress Road, Cypress, Texas 77429.

12. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

13. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

14. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

15. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s) (1) of the FLSA because they have employees engaged in commerce. 29 U.S.C. § 203(s) (1).

16. At all material times, Plaintiff was an individual employee who was engaged in commerce of in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

17. Defendants are Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## IV. CLASS ALLEGATIONS

18. Plaintiff ESMERALDA ESCOBAR, files this case as an "opt in" collective action, as it is specifically allowed by 29 U.S.C. § 216(b).

19. The class that Plaintiff ESMERALDA ESCOBAR, seeks to represent may be described as follows:

> **All current and former employees of Defendants that worked at its location owned or operated by Defendants in Texas during the class period, and claims that he or she either failed to receive all of his or her minimum wage pay in violation of 29 U.S.C.201 et. seq . and seeks**

**payment for such lawfully earned minimum wage pay, or (b) failed to receive all of his or her overtime compensation, in violation of 29 U.S.C. 201 et. seq.**

20. Plaintiff, ESMERALDA ESCOBAR, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by counsel for Plaintiff ESMERALDA ESCOBAR, as required by 29 U.S.C. § 216(b).

21. Those persons who choose to opt in, referred to as the "Plaintiff's class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

22. Plaintiff ESMERALDA ESCOBAR contends that this action is appropriate for collective action status because Defendantsherein has acted in the same manner with regard to all members of the Plaintiff's class.

## V. FACTS

23. At all times relevant to this action, Defendantshas been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 et.seq.

24. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

25. Defendants employed Plaintiff ESMERALDA ESCOBAR, from April 2014 until March 31, 2017 at Defendants' restaurant located at 16206 Spring Cypress Road, Cypress, Texas 77429 and commonly known as "Spring Cypress Pizza Fino." www.mypizzafino.com

26. During the period of her employment that Plaintiff has worked for Defendants, Plaintiff has worked as a server, cook and delivery driver.

27. During her employment and in the routine performance of her day-to-day job duties.,

Plaintiff has performed non-exempt work, during a significant period of most days, as classified by the Act, because the performance of Plaintiff's job required it and because Defendants' management required the performance of those non-exempted job duties, as a condition of Plaintiff's continued employment.

28. Specifically, Plaintiff took customers' orders for food and drinks, prepared customers food, served customers drinks, served customers food, and performed general cleaning activities like busing and cleaning tables washing dishes, delivering pizzas, and cleaning the location and interacting with the customers that entered the establishment.

29. During the beginning of Plaintiff's employment, Plaintiff was paid a regular hourly rate of $9.00 per hour from April 2014 until November 2015. From November 2015 through March 31, 2017 Plaintiff was paid $11.00 per hour. Defendants violated the minimum wage provisions of the FLSA by paying Plaintiff and others like her, an amount, which, when divided by the total numbers of hours worked, resulted in an hourly pay rate below the statutorily required minimum.

30. During Plaintiff's employment, while working for the Defendants, Plaintiff was required to work overtime hours in excess of 40 hours worked during many seven-day workweeks.

31. Further, during these hours worked, Plaintiff has performed the function of her job, which included the performance duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendants' management required it, as a condition of Plaintiff's continued employment.

32. Plaintiff often worked in excess of 40 hours per week during her employment with the Defendants during her period of employment. Plaintiff's pay stubs never indicated she worked over 40 hours in a 7 day workweek, and Defendants failed to pay Plaintiff any overtime at all. However, Plaintiff routinely worked in excess of 40 hours in a 7 day workweek and her electronically recorded time punches indicate that she worked far more than 40 hours in a workweek, yet Defendants failed

to pay her any overtime.

33. Plaintiff and other like her, were routinely required to clock out and deliver pizzas. This work was not recorded, not paid, and constitutes wage theft by forcing Plaintiff to perform work "off the clock." Defendants demanded that Plaintiff and other like her perform off the clock work as a condition of their employment.

34. When Plaintiff complained about her unpaid overtime hours, failure to pay minimum wage, and wage theft Defendants retaliated against her by creating a hostile work environment and later terminating her employment for refusing to go along with Defendants unlawful pay scheme.

35. Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they failed to receive overtime compensation as required by the Act.

36. Defendants failed to pay statutory overtime as required by 29 U.S.C. § 201 *et seq.*

## VI. FIRST CLAIM FOR RELIEF
### (Unpaid overtime compensation under the FLSA)

37. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

38. Plaintiff ESMERALDA ESCOBAR, and all others similarly situated are considered non- exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

39. Plaintiff ESMERALDA ESCOBAR, and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day

workweek.

40. Defendants failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

41. Defendants hves violated 29 U.S.C. § 201 *et seq.* by failing to compensate the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

38 Defendants have failed to make good faith efforts to comply with the FLSA, and has willfully and deliberately sought to evade the requirements of the federal statute.

39. Defendants have failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

40. Defendants' have failed to keep or record time records reflecting what hour's employees, such as the Plaintiff and those similarly situated actually worked.

41. Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

42. No lawful exemption excused the Defendants from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

43. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime compensation due to Plaintiff and to all others similarly situated.

44. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial.

45. Plaintiff and all others similarly situated further seek an additional equal amount as

liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII. COLLECTIVE ACTION ALLEGATIONS

46. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

47. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

48. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

49. Other, similarly situated employees are being denied their lawful wages.

50. Accordingly, Defendants' pattern and practice of failing to pay overtime pay (at time and one-half) to its employees as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members class.

51. Plaintiff ESMERALDA ESCOBAR's experience is typical of the experience of the member's class as it pertains to compensation.

52. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

53. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hour worked in excess of 40 per week, are similarly situated.

54. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

55. All current and former employees of Defendants' pizza restaurant who at any time

during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

## VIII. SECOND CLAIM FOR RELIEF
(Failure to compensate for minimum wage)

56. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

57. Plaintiff ESMERALDA ESCOBAR, and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

58. Defendants violated the minimum wage provisions of the FLSA by paying Plaintiff and all others similarly situated an amount, which when divided by the total number of hours actually worked resulted in an hourly pay rate below the statutorily required minimum.

59. The Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

60. No lawful exemption excused Defendants from compensating Plaintiff and all others similarly situated for the statutorily required minimum wage.

61. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding minimum wage compensation due to Plaintiff and to all others similarly situated.

62. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded or paid, from the date they commenced employment for the Defendants until the date of trial.

63. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. §

216(b), along with post-judgment interest at the highest rate allowed by law.

## IX. COLLECTIVE ACTION ALLEGATIONS

64. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

65. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

66. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants has been imposed on other workers.

67. Other, similarly situated employees are being denied their lawful wages.

68. Accordingly, Defendants' pattern and practice of paying Plaintiff and all others similarly situated an amount, which when divided by the total number of hours worked resulted in an hourly pay rate below the statutorily required minimum does not depend on the personal circumstances of the members class.

69. Plaintiff ESMERALDA ESCOBAR's, experience is typical of the experience of the member's class as it pertains to compensation.

70. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

71. All employees, regardless of their job requirements or rates of pay, who are denied minimum wage are similarly situated.

72. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

73. All current and former employees of Defendants' pizza restaurant, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied

minimum wage compensation in any given workweek are properly included as members of the class.

## X. THIRD CLAIM FOR RELIEF
**(Failure to compensate for work performed "off the clock")**

74. Plaintiff ESMERALDA ESCOBAR, and all others similarly situated is considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

75. Defendants failed to compensate Plaintiff and all others similarly situated, their entitled pay for all hours they worked in a workweek.

76. Defendants failed to make good faith efforts to comply with the FLSA, and have willfully and deliberately sought to evade the requirements of the federal statute.

77. Defendants failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

78. Defendants engaged in wage theft by not compensating Plaintiff and all others similarly situated for work they were required to perform at Defendant's restaurant as part of their regular job duties by forcing Plaintiff and other similarly situated employees to perform work prior to and after their shift without compensation.

79. Defendants demanded this wage theft as a condition of Plaintiff and all those similarly situated, continued employment.

80. The Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

81. No lawful exemption excused the Defendants from compensating Plaintiff and all others similarly situated for hours worked, but not recorded or paid in a workweek

82. Defendants knowingly, willfully, or with reckless disregard carried out an illegal

pattern and practice of deceptive and fraudulent accounting practices regarding compensation due to Plaintiff and to all others similarly situated for hours worked, but not recorded or paid.

83. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded or paid, from the date they commenced employment for the Defendants until the date of trial.

84. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## XI. COLLECTIVE ACTION ALLEGATIONS

85. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

86. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

87. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants has been imposed on other workers.

88. Other, similarly situated employees are being denied their lawful wages.

89. Accordingly, Defendants' pattern and practice of failing to compensate employees for work performed, but not recorded or paid, as required by the FLSA results from the Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members class.

90. Plaintiff ESMERALDA ESCOBAR's, experience is typical of the experience of the member's class as it pertains to compensation.

91. The specific job titles or job requirements of the various members of the class do not

prevent collective treatment.

92. All employees, regardless of their job requirements or rates of pay, who are denied compensation for hours worked, but not recorded or paid, are similarly situated.

93. All employees, regardless of their job requirements or rates of pay, who were the victims of the wage theft scheme engaged in by the Defendants, are similarly situated

94. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

95. All current and former employees of Defendants' pizza restaurant business, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied compensation for hours worked, but not recorded or paid in any given workweek are properly included as members of the class.

### XII. FOURTH CLAIM FOR RELIEF
**(Retaliation in violation of the FLSA)**

96. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

97. Defendants created a hostile work environment resulting in Plaintiff's employment becoming unbearable after Plaintiff engaged in protected activity.

98. After Plaintiff complained to Defendants of not receiving her overtime wages and for minimum wages, she was forced to undergo a series of harassment by Defendants.

99. Despite the harassment such as Plaintiff was replaceable and that there were other workers who would happily tolerate the Defendants illegal pay practices without complaint, Defendants made good on their claims and fired Plaintiff because Plaintiff would not stop complaining about Defendants illegal pay practices.

100. As such, Defendants' "enterprise" violated 29 U.S.C. § 215(a)(3), the anti-retaliation provision of the FLSA under which Plaintiff now sues.

## XIII. ATTORNEY'S FEES

101. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

102. Plaintiff ESMERALDA ESCOBAR, and all other similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## XIV. JURY DEMAND

103. Plaintiff ESMERALDA ESCOBAR, on behalf of herself and all other similarly situated, makes a formal demand for a jury trial in this matter.

## XV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff ESMERALDA ESCOBAR, and all other similarly situated respectfully request that upon hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

  a. Declare that Defendants have violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period;
  b. Enjoin Defendants from failing to pay Plaintiff and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and for failing to compensate for work performed, but not recorded or paid;
  c. Order Defendants to pay Plaintiff and all others similarly situated, the difference between what they should have paid for overtime hours Plaintiff worked during the relevant period and what they were actually paid, as well as compensation for hours worked but not recorded or paid, together with an equal amount as to liquidated damages.
  d. Order Defendants to pay Plaintiff and all others similarly the statutorily required minimum wage.
  e. Order Defendants to pay Plaintiff damages for its unlawful retaliation.
  f. Order Defendants to pay Plaintiff and all others similarly situated employees'

    reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).
g. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendant.
h. Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff ESMERALDA ESCOBAR, and to all other similarly situated employees of the Defendants'.

    Respectfully submitted,

    **THE LAW OFFICES OF JOE M. WILLIAMS & ASSOCIATES, P.L.L.C.**

    8866 Gulf Freeway, Suite 384
    Houston, Texas 77017
    (713) 980-8900 – Telephone
    (713) 400-1104 – Facsimile

    By: /s/ *Joe Williams*
     Joe Williams
     Federal ID. No. 997092
     State Bar No. 24063066
     jwilliams10050@gmail.com

    **ATTORNEY FOR PLAINTIFF ESMERALDA ESCOBAR**